F I L E D
United States Court of Appeals
Tenth Circuit

APR 29 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID L. DAVIS,

     Plaintiff-Appellant,

v.

GENE HILL, Montrose County Sheriff; BRIAN
BLACK, Montrose County Undersheriff; RICK
ROWAN, Montrose County Deputy Sheriff; JIM
MARTINEZ, Montrose County Deputy Sheriff; SUSAN
SHOTTELL, Montrose County Deputy Sheriff; JOHN
DOE #1, Montrose County Deputy Sheriff; ROBERT
BRETHOUWER, Montrose County Jail Doctor;
GARWEN S.J. JACKSON, Clerk of the Court, County
of Montrose; BECKY WOLFORD, Deputy Clerk;
VALERIE INDA, Deputy Clerk; CINDY BOWEN,
Montrose County Commissioner; DAVID GAAN,
Montrose County Commissioner; MEL STAATS,
Montrose County Commissioner; DENNIS
FRIEDRICH, District Court Magistrate,

     Defendants-Appellees.

No. 97-1229
(D.C. No. 97-S-520)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. David Davis, a state inmate and *pro se* litigant, appeals *in forma pauperis* the trial court's dismissal of one cause of action contained in his civil rights claims.[1] We conclude this appeal is frivolous and should be dismissed. We also hold this appeal constitutes a "prior occasion" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

Mr. Davis filed his 42 U.S.C. § 1983 complaint against numerous defendants, including the sheriff, undersheriff, four deputy sheriffs, the clerk of the state court, the deputy clerk of court, a state magistrate judge, and a physician. A fair reading of this complaint shows Mr. Davis set forth essentially three causes of action. The first is an assertion defendants denied him his constitutionally protected right of access to the courts. He claims he was denied access to a law

---

[1] Mr. Davis' complaint also asserted a 42 U.S.C. § 1985 claim which the trial court dismissed as legally frivolous. Mr. Davis apparently does not appeal this action.

library outside the jail "to work on the divorce case and other civil matters."  The second claim involved an assertion that Mr. Davis was improperly denied medical treatment.  The third claim asserted a deputy used excessive force against Mr. Davis.

The trial court dismissed the denial of access claim by concluding it was legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i), and failed to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  The basis of the trial court's ruling is found in *Lewis v. Casey*, 116 S. Ct. 2174, 2181-82 (1996), where the Supreme Court held the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or an application for a writ of habeas corpus.  *See also Carper v. DeLand*, 54 F.3d 613, 617, 616-17 (10th Cir. 1995).  The trial court ordered Mr. Davis' claims concerning denial of medical treatment and excessive force to proceed.

Mr. Davis filed his notice of appeal on the right of access claim.  After learning of a jurisdictional problem, Mr. Davis succeeded in obtaining a Fed. R. Civ. P. 54(b) certification from the trial court.  We therefore have jurisdiction under 28 U.S.C. § 1291.

Mr. Davis' brief to this court is essentially a restatement of his complaint. The underlying basis of Mr. Davis' arguments is showing he was allegedly denied access to the courts. He asserts the trial court erred in failing to consider Mr. Davis was a pre-trial detainee. He also offers, for the first time, an affidavit of a cellmate, alleging the state judge on Mr. Davis' case was angry Mr. Davis had not been transferred from the county jail to the Department of Corrections, and a letter from Mr. Davis to the county judge claiming it was his intention to file a civil action against a Montrose County Sheriff.

We review the trial court's determination the denial of access claim is frivolous for abuse of discretion. [2] *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997). Section 1915(e)(2)(B)(i) of Title 28 authorizes a district court to dismiss a claim if the court finds "the action is frivolous or malicious." A complaint is "frivolous" where it lacks an arguable basis, either in fact or law. *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995).

---

[2] Although the district court ruled Mr. Davis' action failed to state a claim, the district court's decision and discussion appeared to center on whether the complaint was frivolous. Because our ruling today rests on the frivolous nature of Mr. Davis' claim, we need not conduct a *de novo* review of the Fed. R. Civ. P. 12(b)(6) dismissal.

The Supreme Court, in *Lewis*, instructed *Bounds v. Smith*, 430 U.S. 817 (1977) "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 116 S. Ct. at 2182. Rather, "[t]he tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* In Mr. Davis' complaint, he alleged he wished to pursue "civil matters" including litigation relating to his divorce, but he did not refer to civil matters concerning his condition of confinement or attack his sentence. Consequently the Supreme Court has spoken directly to the case at hand. Mr. Davis' right of access to courts does not extend to the litigation he sought to pursue. The fact Mr. Davis was a pre-trial detainee when he wished access to legal materials is immaterial. *See Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985) (recognizing pre-trial detainees have the same constitutional access rights to vindicate fundamental constitutional rights), *cert. denied*, 479 U.S. 814 (1986). Further, we ordinarily do not consider evidence offered for the first time on appeal. *John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994) (stating the court will not consider evidence not presented to the district court); *Nulf v. International Paper Co.*, 656 F.2d 553, 558 (10th Cir. 1981) (ruling matters not in the record will not be considered by this Court.). It is

clear Mr. Davis' claim lacks an arguable basis, either in fact or law.  The decision

of the district court is correct and is therefore     **AFFIRMED.**


As Mr. Davis' appeal is meritless and frivolous, it is a "prior occasion"

under the Prison Litigation Reform Act.  28 U.S.C. § 1915(g) (limiting a

prisoner's invocation of 28 U.S.C. § 1915 (     *in forma pauperis*   ) to three or more

prior occasions of actions or appeals dismissed as frivolous or which failed to

state a claim).


**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge